# UNITED STATES *v.* SULLENBERGER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 290. Argued December 16, 17, 1908.—Decided January 4, 1909.

Decided on the authority of *United States* v. *Biggs, ante,* p. 507.

THE facts are stated in the opinion.

---

[1] The act of March 2, 1907, is reproduced in full, *ante,* p. 398.

*The Attorney General* and *The Solicitor General*, with whom *Mr. Edwin W. Lawrence*, Special Assistant to the Attorney General, for the United States.[1]

*Mr. Edmund F. Richardson*, with whom *Mr. Horace N. Hawkins* was on the brief, for defendants in error:

The indictment contains no charge of a crime, in that it charges the plan or alleged conspiracy of defendants to have been simply an agreement or plan to obtain *indirectly* lands for a corporation that could not, according to the indictment, have been *directly* purchased by the said corporation. A plan to obtain indirectly lands from the Government may or may not be a plan to defraud the Government. Whether or not it is a scheme to defraud the Government necessarily depends upon the question of whether or not the means to be adopted are criminal or unlawful.

No unlawful or criminal means are charged to have been planned or contemplated, there being no claim made in the indictment that the defendants agreed, or planned to hire, employ or induce anyone to make application to purchase lands. In other words, no claim is made anywhere in the indictment that the alleged conspiracy embraced the making of a deal or agreement with any person in advance of that person having made, in good faith, an application to purchase the land. There is, therefore, no charge of a conspiracy to defraud the United States.

The Sixth Amendment to the Constitution secures to the defendants, among other things, the right "to be informed of the nature and cause of the accusation." *United States v. Miller*, 7 Pet. 1422; *United States v. Cruikshank*, 92 U. S. 542, 558; *Evans v. United States*, 153 U. S. 584.

All the essential elements of fact required to be set forth in an indictment must be there charged in direct, positive and explicit language. Any omission in that behalf cannot be

[1] For argument of counsel for United States in this case, see *United States v. Biggs et al.*, ante, p. 507.

aided by implication, inference, argument, recital or intendment. This principle has been well stated in *United States* v. *Post*, 113 Fed. Rep. 854; *Pettibone* v. *United States*, 148 U. S. 197; *United States* v. *Hess*, 124 U. S. 486; *United States* v. *Staats*, 8 How. 41, 44; *In re Wolf*, 27 Fed. Rep. 606, 611; *In re Corning*, 51 Fed. Rep. 205, 210.

"In an indictment nothing material shall be taken by intendment or implication." *Salla* v. *United States*, 104 Fed. Rep. 544, 547; *Miller* v. *United States*, 133 Fed. Rep. 337; *United States* v. *Hess*, 124 U. S. 483; *United States* v. *Walsh*, 5 Dill. 58, 63; *S. C.*, 28 Fed. Cas., No. 16,636, p. 396; *United States* v. *Martin*, 26 Fed. Cas., No. 15,728; *In re Wolf*, 27 Fed. Rep. 606, 611; *Unite i States* v. *Crafton*, 25 Fed. Cas., No. 14,881; *United States* v. *Watson*, 17 Fed. Rep. 145; *United States* v. *Taffe*, 86 Fed. Rep. 113, 115; *In re Greene*, 52 Fed. Rep. 104, 111, 112, 114; *Evans* v. *United States*, 153 U. S. 584, 587; *Pettibone* v. *United States*, 148 U. S. 197, 203; *United States* v. *Milner*, 36 Fed. Rep. 890; *Conrad* v. *United States*, 127 Fed. Rep. 789, 801; *Stearns* v. *United States*, 152 Fed. Rep. 900, 904; *People* v. *Willis*, 54 N. Y. Supp. 130, 137, citing other authorities.

MR. JUSTICE WHITE delivered the opinion of the court.

In this case the United States seeks the reversal of the action of the court below in quashing an indictment, the writ of error being prosecuted directly from this court upon the assumption that the case comes within the act of March 2, 1907. The indictment charged a conspiracy in violation of § 5440, Rev. Stat., to unlawfully acquire land of the United States under the timber and stone act. The court gave to the indictment the same construction which it affixed to the indictment in the case of *United States* v. *Biggs et al.*, No. 289, which we have just decided, *ante*, p. 507, and applied the same principles which it expounded in the opinion in that case. Disregarding mere immaterial differences in the form of the pleadings

this case is like the *Biggs case,* and is disposed of by the opinion which we have just announced in that case.

*Affirmed.*